# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**PATCHES FARMS, INC.**                                                            **PLAINTIFF**

**v.**                                                                              **CAUSE NO.: 4:06-CV-163**

**THOMPSON MACHINERY COMMERCE**
**CORPORATION, et al.**                                                      **DEFENDANTS**

## MEMORANDUM OPINION ON SUMMARY JUDGMENT

This cause is before the court on the joint Motion of Summary Judgment filed by Defendants Thompson Machinery Commerce Corporation ("Thompson") and Caterpillar Financial Services Corporation ("Caterpillar"). Also before the Court is Plaintiff Patches Farms Inc.'s ("Patches Farms") Motion to Dismiss the Counterclaim of Defendant Thompson. From its review of all matters made a part of the record of this case as well as applicable law, and being thus fully advised in the premises, the Court finds that the Defendants' Motion for Summary Judgment should be GRANTED in part and DENIED in part, and the Plaintiff's Motion to Dismiss should be GRANTED. The court specifically finds as follows:

*A. Factual and Procedural Background*

Patches Farms, Inc., by and through its owner, John Stephens, executed a Retail Installment Contract on September 27, 2005, with Thompson Machinery for a previously-owned Caterpillar combine. Patches Farms took possession of the combine at issue twelve days prior to execution of the contract and asserts that a service technician from Thompson Machinery was deployed to Patches Farms to repair the combine several times between September 15, 2005, and September 27, 2005. Over the next two years, the Plaintiff contends that the combine was serviced over thirty-seven (37)

times by Thompson.

Plaintiff filed suit against Thompson on September 26, 2006, alleging breach of implied warranty of merchantability. Moreover, the Plaintiff requested that this court rescind the Retail Installment Contract signed on September 27, 2005, contending that there was a "failure of consideration because the combine was not fit for the use for which it was sold to the Plaintiff."

In response, Thompson filed an Answer and Counterclaim noting that in the Retail Installment Contract, Plaintiff agreed to "defend, indemnify and hold Thompson harmless from and against any claims," including, *inter alia*, claims based upon breach of contract, breach of warranty, and property damage. Further, that contract provided that Plaintiff would be responsible for all costs and expenses, including reasonable attorneys' fees, incurred by Thompson in defending claims that were allegedly barred by the contract.

Plaintiff later filed a motion to dismiss the counterclaim asserting that the indemnity provision of the Retail Installment Contract was unconscionable, and therefore, unenforceable under Mississippi law. The Defendant replied that the contract was entered into knowingly and willingly and contains a choice of law provision naming Tennessee law as the law that governs the Retail Installment Contract. Specifically, Thompson noted, Mississippi has recognized the parties' ability to formulate a choice of law provision in a contract and that such provisions have been held conscionable even where those contracts contained indemnity provisions. Tel-Com Management, Inc. v. Waveland Resort Inns, Inc., 782 So. 2d 149, 153 (Miss. 2001) (en banc).

Thompson then filed a motion for summary judgment, which was joined by Caterpillar, asserting that the Retail Installment Contract controlled and mandated employing Tennessee law, that the Plaintiff could not maintain a cause of action for breach of implied warranty of merchantability where that warranty had been waived in the contract, and that Thompson was owed money damages

for reasonable attorneys' fees by the Plaintiff under the indemnity provision in the contract. The Plaintiff responded that Mississippi law prohibits contracts from disclaiming implied warranties, that the contract was formed under duress, the indemnity clause is unconscionable, and Mississippi law should apply.

*B. Discussion*

I. Summary Judgment

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Id. at 323, 106 S. Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. 2548; Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

3

Thompson alleges that the choice of law provision in the Retail Installment Contract is dispositive here. Specifically, on the third page, the contract notes, "This Agreement shall be governed by and construed under the laws of the State of Tennessee . . . and Purchaser hereby consents to the jurisdiction of any state or federal court located within the State of Tennessee." Mississippi generally upholds choice of law provisions in contracts where the contract is valid and binding. See Williamson Pounders Architects, P.C. v. Tunica County, 2007 WL 2903216, * 2; 2007 U.S. Dist. LEXIS 73388, *5 (N.D. Miss.) (upholding the parties' choice of law provision requiring the use of Tennessee substantive law where the only connection to that state was the seller's principal place of business.); Apache Prods. Co., v. Employers Ins. Of Wausau, 154 F.R.D. 650, 656 (S.D. Miss. 1994) (upholding the choice of law provision requiring use of Illinois law except in situation in which Mississippi law requires its own state law application).

Plaintiff argues that because Tennessee law allows disclaimer of warranties and Mississippi law does not, this choice of law provision is against Mississippi public policy and should not be enforced.

Mississippi's codification of the Uniform Commercial Code is found throughout Title 75 of the Mississippi Code. Section 75-1-102 provides that the "effect of provisions of this code may be varied by agreement, except as otherwise provided in this code." Under Section 75-2-719, titled, Contractual modification or limitation of remedy, subsection 4 states:

> Any limitation of remedies which would deprive the buyer of a remedy to which he may be entitled for breach of an implied warranty of merchantability or fitness for a particular purpose shall be prohibited.

Therefore, the Mississippi Code explicitly prohibits the disclaimer of implied warranties.

Mississippi has also codified U.C.C. 1-105 and added a portion unique to Mississippi and

dispositive here. Regarding the legislative history, a district court has noted:

> In 1978, . . . the Mississippi Legislature amended the choice of law provision to require the application of Mississippi substantive law on privity, warranty disclaimers and limitations of remedies in an action brought in Mississippi, notwithstanding any agreement by the parties that the laws of another jurisdiction would govern their respective rights and duties.

Price v. Int'l Tel. & Tel. Co., 651 F. Supp. 706, 709 (S.D. Miss. 1986) (citing 1977 Miss. Laws 761).

Mississippi Code Section 75-1-105 provides in its entirety:

> Except as provided hereafter in this section, when a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties. Failing such agreement, this code applies to transactions bearing an appropriate relation to this state. **Provided, however, the law of the State of Mississippi** *shall always govern the rights and duties of the parties in regard to disclaimers of implied warranties of merchantability* or fitness**, *limitations of remedies for breaches of implied warranties of merchantability or fitness,*** or the necessity for privity of contract to maintain a civil action for breach of implied warranties of merchantability or fitness *notwithstanding any agreement by the parties that the laws of some other state or nation shall govern the rights and duties of the parties.*

(emphasis added).

In Apache, the plaintiff filed an action against the defendant based on breach of express and implied warranties, among other claims. 154 F.R.D. at 652. The defendant filed a motion to sever and transfer the plaintiff's claims from the Southern District of Mississippi to the Northern District of Illinois based on an inconvenient venue argument. Id. at 652. The only connection to Mississippi was that the plaintiff's principal place of business was located in Mississippi, even though the product was purchased and installed in plaintiff's manufacturing plant in Illinois. Moreover, the parties identified Illinois law as applicable under a choice of law provision in their contract.

The district court addressed important considerations in transferring the venue from Mississippi to Illinois, one of which was the substantive law which would govern the issues. The court quickly recognized the validity of the choice of law provision and noted that Illinois law should be used to evaluate the plaintiff's tort claim. Id. at 655-56.

The court noted that "[a] serious question is presented, however, as to which state's laws will govern the resolution of the breach of implied warranties claim." Id. at 656. Further, "while Mississippi law will recognize the parties' choice of law, there is an important and 'unique' exception." Id. The court went on to cite Mississippi Code Section 75-1-105(2), mandating that Mississippi law shall always govern the rights and duties of the parties in regard to disclaimers of implied warranties of merchantability. As to the claims in front of the court at that time, the district judge noted that had there been sufficient and reasonable relations to Mississippi, "the court would not hesitate to conclude that Mississippi law applied to the breach of implied warranty claim." Id. at 656-57.

On remand by the Fifth Circuit to decide the choice of law issue, the district court in Price determined that Mississippi law did not apply where only the breach of implied and express warranties claims survived and Mississippi lacked the sufficient reasonable relation to the contract. 651 F. Supp. at 710. Specifically, after determining that Mississippi's sole contact with the litigation was that it was the plaintiff's selected forum state, the only questions on remand was whether the application of Mississippi's "unique" conflict of laws rule for warranty claims was constitutional, and if not, or if inapplicable, which state's law governed the breach of warranty claims. Id. at 708.

The court noted that Section 75-1-105 incorporates the appropriate relation requirement in determining the choice of law in a Mississippi warranty action, thus rendering such provision

6

constitutional under the full faith and credit clause of the Constitution and the due process clause of the Fourteenth Amendment. Id. at 709-10. "The court concludes that section 75-1-105 authorizes the application of Mississippi substantive law on privity, disclaimers and limitation of remedies in a warranty action only when the transaction giving rise to the warranty claim bears some reasonable and appropriate relation to Mississippi." Id. at 710.

Neither of these cases, Apache and Price, directly apply Section 75-1-105. However, they imply that if a suit is brought within Mississippi and the claims have a reasonable relation to Mississippi, the Mississippi substantive law of Section 75-1-105 must apply to the case. Therefore, under Price, the Court must engage in the quasi-choice of law analysis found in Section 75-1-105 to determine if Mississippi law would be applicable here, notwithstanding the agreement to use Tennessee law.

The Plaintiff argues that there is no reasonable relation between the transaction in this case and Tennessee, other than Tennessee being the Defendant's domicile. Further, the Plaintiff notes that the combine was sold in Mississippi, the contract was signed in Mississippi, and the combine was used and serviced in Mississippi. Defendants make no claim to the contrary. Therefore, the court finds that there is a reasonable relation between this contract, and Mississippi law applies in regard to the implied warranty of merchantability. Thompson failed to remove this case from Mississippi, thus, Mississippi is the forum state, and the statute requires Mississippi substantive law application in this situation.

As further evidence of the Mississippi Legislature's intent to preclude waiver of implied warranties in a transaction such as the case *sub judice*, Section 75-2-314 governing implied warranties clearly sets out that express disclaimers of implied warranties are available concerning

7

computer hardware, computer software, and services performed on computer hardware and computer software, sold between merchants. The Legislature, therefore, cordoned off one section and explicitly stated that disclaimers are permissible in those situations. The negative implication of that section is that no other category of claims may disclaim implied warranties. Moreover, Mississippi chose not to adopt U.C.C. 2-316 titled "Exclusion or Modification of Warranties." That section allows exclusion or modification of implied warranties of merchantability and governs the language used in contractual provisions to effectuate those ends. Clearly, the absence of this provision in Mississippi commercial law is indicative of the Legislature's intent to protect consumers and prohibit the waiver of implied warranties in this state.

The Defendants rebut this argument by citing the Mississippi case <u>Tel-Com Management, Inc. v. Waveland Resort Inns, Inc.</u>, 782 So. 2d 149 (Miss. 2001) (en banc). In that case, two businesses, Tel-Com and Waveland Resorts entered into a contract which contained a forum selection and choice of law clause. <u>Id</u>. at 150. That clause provided that any disputes would be interpreted under Louisiana law and all actions brought in a state or federal court in the State of Louisiana. <u>Id</u>. When Waveland sought to terminate the contract, Tel-Com sued for breach of contract in Louisiana. <u>Id</u>. at 151. When Waveland did not appear or defend, Tel-Com obtained a default judgment, which they attempted to file on the rolls of a Mississippi state court. The Mississippi circuit judge rendered the judgment void and improper. <u>Id</u>.

The Plaintiff in the Tel-Com case also sought to void the forum selection and choice of law clause due to Louisiana not having adopted Uniform Commercial Code § 1-105. <u>Id</u>. at 154. Waveland asserted that to enforce the forum selection clause would violate the public policy of Mississippi by preventing the application of Mississippi Code Section 75-1-105. <u>Id</u>.

The Mississippi Supreme Court answered and stated, "The very fact that Waveland assented to and agreed to sign a form contract printed by a Louisiana corporation should have put Waveland on notice that these implied warranties may not exist in this contract." Id. at 155. Finally, the Mississippi Supreme Court held that Waveland had ample time and opportunity to object to the particular provision, therefore, enforcement of the forum selection and choice of law provision was not contrary to Mississippi public policy. Id.

While on its face, the Tel-Com case appears to be dispositive here, the facts in the case *sub judice* are distinguishable. Tel-Com sued Waveland for breach of contract, an action significantly different than the action here – breach of implied warranty of merchantability. Importantly, an action for breach of contract is not specified in Mississippi Code Section 75-1-105, however, breach of implied warranties is specifically noted under Section 75-1-105 as being governed by that statute preventing the usurpation of Mississippi law as to that cause of action. Also, Tel-Com was seeking to enforce a forum selection clause against Waveland. At issue here is the choice of law provision included in the contract between Thompson and Patches Farms. The difference between these two contractual provisions is important in the following way: a forum selection clause enables a party to transfer litigation filed from a non-designated court to a designated forum court and benefit from the agreed upon state's conflicts of law determination. Jackson v. West Tele. Corp. Outbound, 245 F.3d 518 (5th Cir. 2001). Because Tel-Com originated in the Louisiana courts, Louisiana law applied. Had that case originated in Mississippi and not been transferred, based on the above analysis, Section 75-1-105 would have applied. Therefore, because this case is distinguishable on its face and Mississippi Code Section 75-1-105 applies where Mississippi is the chosen forum state even where a conflict of law provision holds to the contrary, Defendant's motion for summary judgment to this

claim is denied, and Plaintiff's breach of implied warranty claim survives.

Defendants also seek summary judgment on Plaintiff's contention that the Retail Installment Contract should be voided on the basis of failure of consideration where the product was not fit for the use for which it was sold. The Mississippi Supreme Court dealt with a factually similar case in Pritchard v. Hall, where the plaintiff alleged a failure of consideration in an automobile contract where the car had to be serviced within a few days of the sale. 167 So. 629, 631, 175 Miss. 588, 594 (1936). The Court held that because the written contract stated that the plaintiff had inspected the automobile and accepted it in its present condition, there was no failure of consideration when mechanical defects necessitated repairs several times within the first month and the seller finally kept the car. Id.

Moreover, under Mississippi Code Section 75-1-201(44), consideration is deemed to be any "value" under the Uniform Commercial Code. Plaintiff bargained for and received a CAT combine. Patches Farms was aware at the time the Retail Installment Contract was signed that the combine had already been serviced several times by Thompson. Therefore, because Thompson transferred title and possession to Patches Farm, there was ample consideration to form the contract, and the court will not excuse Plaintiff from the obligations of his contract based on the lack of consideration argument.

The Plaintiff also contends, for the first time in its response to Thompson's Motion for Summary Judgment, that the contract was made under duress. Duress, however, is an affirmative defense; the burden of pleading and proving it rests with the defendant. See Gomez v. Toledo, 446 U.S. 635, 100 S. Ct. 1920, 1924, 64 L. Ed. 2d 572, 578 (1980). As such, Plaintiff had a duty to "set forth affirmatively" duress or risk that it shall be "admitted when not denied in the responsive

pleading." FED. R. CIV. P. 8(c), (d). Therefore, Plaintiff's claim of duress is denied as improperly asserted under Rule 8.

Regardless, the Plaintiff has presented no evidence supporting its contention that the contract was signed under duress. The record reveals that upon delivery of the Caterpillar combine, Thompson hauled off the Plaintiff's John Deere combine, a trade-in on the value of the Caterpillar combine. The Plaintiff had twelve days to consider and reconsider the deal offered by Thompson. Plaintiff contends that it "only had 185 acres of rice and 117 acres of late planted beans remaining of the 2005 harvest year, when he made the deal to trade in his John Deere for the CAT combine." Therefore, Plaintiff admits that the trade-in was voluntary.

In consideration of Mississippi's strong emphasis on consumer protections in the Uniform Commercial Code and case law attesting thereto, the Court holds that Mississippi law applies in regard to Plaintiff's implied warranty of merchantability claim. Accordingly, Plaintiff's breach of implied warranty claim survives. Defendant's Motions for Summary Judgment is thus denied as to Plaintiff's breach of implied warranty claim, but granted as to Plaintiff's request to rescind the contract for failure of consideration.

The Court notes, however, that the choice of law provision agreed to by the parties is still effective as to the remaining provisions of the contract.

II. Motion to Dismiss

When considering a motion to dismiss for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in light most favorable to the non-moving party. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Am. Waste & Pollution Control Co. v Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if "it

appears certain that the [non-moving party] cannot prove any set of facts in support of his claim that would entitle him to relief." Piotrowski v. City of Houston, 51 F.3d 512, 514 (5th Cir. 1995) (quoting Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)). In deciding whether dismissal is warranted, the court will not accept conclusory allegations in the complaint as true. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

The Plaintiff contends that the indemnity provision of the Retail Installment Contract is unconscionable and should not be enforced against them. The Plaintiff asserts that as the contract was one of adhesion, the lack of bargaining power between the parties is enough to void the contract.

The parties did contract to use Tennessee law to govern and construe their contract and Mississippi will recognize those efforts. See Williamson Pounders Architects, 2007 WL 2903216, 2007 U.S. Dist. LEXIS 73388 (N.D. Miss.); Apache, 154 F.R.D. at 656. However, the outcome is the same whether Tennessee or Mississippi law is used in these circumstances.

The Supreme Court of Tennessee has defined an adhesion contract as being "a standardized form offered on what amounts to a 'take it or leave it' basis, without affording the weaker party a realistic opportunity to bargain, and under conditions whereby the weaker party can only obtain the desired product or service by submitting to the form of the contract." Buraczynski v. Eyring, 919 S.W.2d 314, 320 (Tenn. 1996); see also Walker v. Ryan's Family Steak Houses, Inc., 400 F.3d 370, 384 (6th Cir. 2005); Howell v. NHC Healthcare-Fort Sanders, Inc., 109 S.W.3d 731, 733-34 (Tenn. Ct. App. 2003). However, a contract is not adhesive merely because it is a standardized form offered on a take-it-or-leave-it basis. The last element of adhesion, "the absence of a meaningful choice for the party occupying the weaker bargaining position," must also be present. Cooper v. MRM Inv. Co., 367 F.3d 493 (6th Cir. 2004).

Regardless of whether Patches Farms can show that the Retail Installment Contract was adhesive or not, they still must demonstrate that it was unconscionable in order to rescind the contract. Cooper, 367 F.3d at 503. In Tennessee, contracts are unenforceable only when the terms are "beyond the reasonable expectations of an ordinary person, or oppressive or unconscionable." Buraczynski, 919 S.W.2d at 320. A contract is unconscionable when the "inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other." Haun v. King, 690 S.W.2d 869, 872 (Tenn. Ct. App. 1984). Courts will not enforce contracts which are "oppressive to the weaker party or which serve to limit the obligations and liability of the stronger party." Buraczynski, 919 S.W.2d at 320.

The provision of the contract which Patches Farms seeks to have invalidated as unconscionable states:

> Waiver and Indemnity: Purchaser hereby agrees to release, defend, indemnify, and hold harmless seller, its directors, officers, employees, agents and assigns from and against any claims of purchaser or third parties, including claims based upon breach of contract, breach of warranty, personal injury, property damage, strict liability or negligence, for any loss, damage or injury caused by or relating to the design, manufacture, selection, delivery, condition, operation, use, ownership, maintenance or repair of any unit. Further, Purchaser agrees to be responsible for all costs and expenses, including reasonable attorneys' fees, incurred by seller or its directors, officers, employees, agents and assigns in defending such claims or in enforcing this provision. Under no condition or cause of action shall seller be liable for any loss of actual or anticipated business or profits or any special indirect or consequential damages.

Thus, as Thompson admits, this provision contractually binds Patches Farms to pay Thompson all costs and expenses, including reasonable attorneys' fees, incurred by Thompson in defending the claim filed by Patches Farms. Moreover, Thompson's counterclaim asserts that "[i]f

13

Plaintiff/Counter-Defendant gets a judgment against Thompson, he owes Thompson indemnity for said judgment." Thus, practically, if Patches Farms prevails in this lawsuit, Patches Farms will be liable to Thompson for payment of the damages it has been adjudicated by this court.

The Tennessee Supreme Court has stated that there is no rule of public policy prohibiting an indemnitee, Thompson here, from contracting for indemnification on account of its own acts of negligence but that a contract will not be so construed unless it was clearly intended to have that effect.[1] Kellogg v. Sanitors, Inc., 496 S.W.2d 472 (Tenn. 1973). Applying this rule in the present case, it is clear from the indemnity contract that the parties intended that Thompson should be reimbursed for all losses which it sustains resulting from litigation occurring under this contract. The contract language provides indemnification "FROM AND AGAINST ANY CLAIMS."

Indeed, Tennessee Code Section 47-2-719 allows parties to a contract for the sale of goods to allocate risks between themselves. Although that statute primarily concerns remiedies for nonconforming goods and limits on consequential damages, the notes to that provision provide:

> 1. Under this section parties are left free to shape their remedies to their particular requirements and reasonable agreements limiting or modifying remedies are to be given effect.
>
> However, it is of the very essence of a sales contract that **at least minimum adequate remedies be available.** If the parties intend to conclude a contract for sale within this Article [Chapter] they must accept the legal consequence that there be at least a fair quantum of remedy for breach of the obligations or duties outlined in the contract.

Tenn. Code Ann. § 47-2-719, comments (emphasis added); cf. Miss. Code Ann. § 75-2-719

---

[1] The Court is aware that the cause of action before it today is not for negligence. However, because there is no breach of implied warranty under Tennessee law where that warranty has been disclaimed, the Court evaluates a negligence cause of action, which would be covered under the indemnification provision *sub judice* to determine conscionability.

14

(expressly precluding any limitation of remedies which the buyer may be entitled for breach of implied warranty of merchantability). Indeed, in Moore v. Howard Pontiac-American, Inc., the Tennessee appellate court held that where a contractual remedy is so limited that it fails to comply with Tennessee Code Section 47-2-719, the buyer is not limited to the remedy provided in the agreement but has available remedies provided by the Uniform Commercial Code. 492 S.W.2d 227, 228 (Tenn. Ct. App. 1972). Therefore, where a provision limiting remedies available between the parties does not provide at least a fair quantum of remedy for breach, the provision is not in line with this U.C.C. statute.

By requiring Patches Farms to waive all causes of action listed, including breach of contract, personal injury, and negligence, Thompson attempts to shield itself from liability. Moreover, this indemnity provision imposes penalties in the amount of reasonable costs and expenses Thompson incurs "in defending such claims or in enforcing this provision," for attempting to assert rights under the contract. To enforce this provision would be to completely insulate the Defendant from liability. While the court recognizes that some waiver of liability is allowed under the U.C.C., a complete insulation is not. See Tenn. Code Ann. § 47-2-719 (2008). This indemnity provision and its restrictions are beyond the reasonable expectations of any signing party. Indeed, the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other. See Buraczynski, 919 S.W.2d at 320.

Accordingly, the Plaintiff's motion to dismiss will be granted. Per the severability provision in the Retail Installment Contract and Tennessee Code Section 47-2-302, allowing severability of any unconscionable provision from a contract for the sale of goods, the indemnity provision numbered 5, and titled "WAIVER AND INDEMNITY," is hereby severed from the contract due to

its unconscionable nature.

## C. Conclusion

Under Mississippi Code Section 75-1-105, implied warranties of merchantability cannot be waived where the contracting parties have a "reasonable relation" to this forum state. Defendants' motion for summary judgment is denied in part, thus saving Plaintiff's claims against Thompson and Caterpillar for breach of implied warranty of merchantability. However, the Defendants' motion is granted as to Plaintiff's failure of consideration argument. Therefore, the contract is valid. Moreover, the Plaintiff's motion to dismiss Thompson's counterclaim is hereby granted, and Thompson's counterclaim is dismissed.

Patches Farms claim for breach of implied warranty of merchantability will be litigated as planned on June 2, 2008. As counter-claimant Caterpillar still has a pending counterclaim [11] against Patches Farms for default and money damages, those claims will be heard at the same time.

A separate order shall issue forth this day.

SO ORDERED, this the  22nd  day of April, 2008.


                 **/s/ Sharion Aycock**
                 **U.S. DISTRICT JUDGE**